UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA B.,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C20-5687-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968,[1] has a high school education, and previously worked as a school cafeteria cook, stock clerk, housekeeper, and cashier II. (AR 27-28.) Plaintiff applied for DIB and SSI on September 13, 2017. (AR 17.) That application was denied initially and upon

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On January 29, 2019, ALJ Rebecca L. Jones held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 38-92.) On April 18, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 14-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2017, the amended alleged onset date. (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bilateral plantar fasciitis, migraine headaches, tendinitis of the left elbow, degenerative disc disease of the lumbar spine with radiculopathy, and peroneus tendinopathy of the lower right extremity. (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work subject to additional limitations: Plaintiff is "able to perform work that does not require climbing ladders, ropes, or scaffolds"; "able to occasionally climb ramps and stairs and

occasionally stoop, kneel, crouch and crawl"; "able to perform work that allows her to avoid exposure to extreme cold, vibration, fumes, odors, dusts, gasses and hazards"; "able to perform simple routine tasks"; and "would require a sit stand option defined as the ability to change position after 30 to 60 minutes for 3 to 5 minutes while remaining on task." (AR 22.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work.

Proceeding to step five and with the assistance of the VE, the ALJ found Plaintiff capable of performing jobs existing in significant numbers in the national economy, specifically, production line solderer, electrical accessories assembler, and wire worker. (AR 29.) The ALJ concluded Plaintiff was not disabled from May 1, 2017, through the date of the decision. (*Id.*)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinions of two examining doctors and Plaintiff's testimony. As relief, Plaintiff requests remand for further proceedings before a different ALJ. The Commissioner argues the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed.

## Medical Opinion Evidence

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the

ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id.* at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id.* at (b)(2), (c)(3)-(5). *But see id.* at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id.* at (b)(1).

  A. <u>Lynn Staker, M.D.</u>

  Dr. Staker examined Plaintiff on August 4, 2017, and opined Plaintiff has "limitations in her ability to do any prolonged walking, standing, or heavy-duty activity and most likely would be

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review ... in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

at a sedentary level" (AR 509). Dr. Staker specifically opined the limitations would last for six months. (AR 506.)

The ALJ noted Dr. Staker's opinion that the limitations would last for six months (AR 506), short of the 12 month durational requirement. (AR 26.) found Dr. Staker's opinion not persuasive. The ALJ further found Dr. Staker's opinion not persuasive because it was not consistent with the longitudinal record, referencing generally a summary of Plaintiff's medical history earlier in the Decision. (AR 26.) The ALJ noted that Dr. Staker did not have the benefit of imaging studies, "which would likely have benefited [Dr. Staker's] assessment of the severity of the claimant's alleged symptoms." (*Id*.)

Plaintiff disputes the ALJ's finding that Dr. Staker's opinion was not persuasive. Plaintiff argues that despite Dr. Staker's opinion that limitations would last for six months, Dr. Enkema also opined ten months later that the limitations would last for six months. Plaintiff also contends other medical opinion evidence is supportive of Dr. Staker's opinion. (Dkt. 16 at 7, 9.)

Plaintiff fails to show the ALJ's assessment of Dr. Staker's opinion lacks substantial evidence. A plain reading of the questionnaire completed by Dr. Staker shows the doctor estimated the enumerated limitations to persist for six months. (AR 506.) The ALJ reasonably considered Dr. Staker's lack of access to imaging studies in evaluating the weight given to the opinion. Indeed, Dr. Staker's written note on the questionnaire suggesting a follow-up with Plaintiff's "spine surgeon" suggests the doctor acknowledged the need for further evaluation of Plaintiff's condition. (*Id.*) Further, in support of the ALJ's finding that Dr. Staker's opinion was further unsupported by the longitudinal medical evidence of record (AR 26), the Defendant notes that the only other opinions of record imposing limitations longer than six months found Plaintiff capable

of performing light duty work. (Dkt. 17 at 8, citing AR 103-105, 116-118, 154-55.) The ALJ did not err in considering the opinion of Dr. Staker.

B. Louis Enkema, M.D.

Dr. Enkema examined Plaintiff on June 11, 2018, and "opined that the claimant could perform work at the sedentary level and that the current limitations on work activities would persist for only six months with available treatment." (AR 817-821.) The ALJ found the opinion inconsistent with the more extensive neurological examinations conducted by Dr. McVey and Dr. Kraus, the latter stating Plaintiff's exam to be "perfectly normal". (AR 25-26, 986.) Substantial evidence supports the ALJ's assessment of Dr. Enkema's opinion.

## Plaintiff's Testimony

The ALJ considered Plaintiff's statements concerning the intensity, persistence and limiting effects of her subjective symptoms, finding them not entirely consistent with the medical and other record evidence. (AR 23.) The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ correctly found plaintiff's subjective testimony about her severity of her limitations unsupported by the objective medical evidence. "While subjective pain testimony

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 16-3p. An ALJ therefore properly considers whether the medical evidence supports or is consistent with a claimant's allegations. *Id.*; 20 C.F.R. §§ 404.1529(c)(4), 416.1529(c)(4) (symptoms are determined to diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence.") An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") Although Plaintiff reported she could barely walk half a block without having to sit down for a few minutes to an hour, had trouble putting on her own shirt and changing the sheets on her bed, could lift nothing heavier than a jug of milk, and lies down or reclines most of the day (AR 23), the ALJ noted Plaintiff's treatment history showed improvement in her pain complaints with treatment including injections, bracing, physical therapy, an elbow sling, prefabricated insoles, stab phlebectomy and compression stockings. (AR 25.) Dr. McVey found Plaintiff's "multiple neurological complaints" unexplained by any neurological disorder. Dr. Kraus found Plaintiff's exam "perfectly normal", and no compatible history of true weakness. Examination findings, nerve conduction studies, and imaging did not corroborate Plaintiff's complaints of weakness. (*Id.*)

The ALJ also found Plaintiff's activities inconsistent with her testimony about her limitations. Plaintiff lived alone and was able to prepare her own simple meals, do laundry, shop,

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

go out alone, take her dog out, and do light cleaning, as well as engage in hobbies. (AR 26.) Activities that contradict the Plaintiff's testimony about her functional capacity may be considered by the ALJ. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ reasonably concluded that Plaintiff's self-described daily activities were inconsistent with the more extreme limitations described by her subjective testimony.

## **CONCLUSION**

For the foregoing reasons, this matter is AFFIRMED.

DATED this 11th day of May, 2021.

MARY ALICE THEILER
United States Magistrate Judge